

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DAVID FRANKLIN WEST, PRO SE, <br> TDCJ-CID No. 02051612, <br><br> Plaintiff, <br><br> v. <br><br> RON ENNS, 69th District Judge; <br> DAVID GREEN, District Attorney; <br> LARRY FADLER, Assistant District Attorney; <br> BRUCE SCOTT, Dallam Co. Sheriff; <br> TERRY BANKS, Dallam Co. Clerk; <br> DIANE GUFFY, Dallam Co. Jail Admin.; <br> and TIM SALLEY, Public Defender <br><br> Defendants. | 2:16-CV-0118 |

## REPORT AND RECOMMENDATION

Before the Court for consideration is plaintiff's Motion for default judgment against all defendants [D.E. 4] and Motion to Compel [D.E. 5]. Plaintiff DAVID FRANKLIN WEST, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed a lawsuit which he classifies as "a criminal complaint as an Affidavit of Truth and a claim of lien." Plaintiff alleges he is subject to "maritime" jurisdiction and that he is a "vessel" and not a "citizen."

### OVERVIEW OF THE CASE

On May 12, 2015, plaintiff was arrested in Dallam County for the offenses of Possession of a Controlled Substance - Methamphetamine between 1 gram and 4 grams, and Possession of a Controlled Substance - Tetrahydrocannab M/400G. Plaintiff was charged and on March 9, 2016, was convicted and received sentences of 10 years incarceration in the Texas Department of Criminal Justice ("TDCJ") and 30 years incarceration in TDCJ, respectively. The sentencing judge in plaintiff's criminal case was State District Judge Ron ENNS. The prosecuting attorneys at the time of

plaintiff's criminal case in Dallam County were Mr. DAVID GREEN and Mr. LARRY FADLER. The Dallam County Sheriff was BRUCE SCOTT when plaintiff was arrested by the Dallam County Sheriff's office for these charges. TERRY BANKS is the Dallam County Clerk of Court, responsible for the filing of criminal case documents at the time of plaintiff's criminal case. DIANE GUFFY is alleged to be the Dallam County Jail Administrator where plaintiff was housed during the resolution of his criminal case. TIM SALLEY was the public defender assigned to plaintiff's criminal case by Judge ENNS.

Plaintiff alleges he filed and perfected liens against all defendants in the Dallam County Office of the Clerk by hand delivery on March 7, 2016, and plaintiff attached a copy of such liens to this civil suit. In his "Claim of Lien" attached to his lawsuit, plaintiff states "no judge, court, government or any agencies thereof, or any third parties whatsoever, can abrogate anyone's affidavit of truth." He claims he was denied numerous rights by all defendants as a part of his "Claim of Lien," including "to have at all time the inalienable right to alter, reform or abolish my government in such manner as I may think expedient as one of the people." He also claims defendants committed several violations of the Texas Penal Code against him.

## CLAIMS AND REQUESTS FOR RELIEF

In this lawsuit plaintiff, DAVID FRANKLIN WEST, contends he has the right to collection of damages based on each "claim of lien" filed against the above-named defendants in Dallam County, Texas. Plaintiff is challenging the legitimacy of his underlying criminal conviction through the filing of these liens. Often referred to as a "sovereign citizen" claim, plaintiff's lien filings in Dallam County, Texas are filed against all government actors involved in the prosecution of his underlying criminal conviction on the grounds that these individuals had no authority or jurisdiction over him at the time the criminal arrest and prosecution took place and thereafter. Plaintiff cites the Uniform Commercial Code as authority for his position.

Plaintiff claims all defendants violated his rights during the resolution of his criminal case out of Dallam County. He additionally claims the defendants committed criminal acts against him under the Texas Penal Code. Further, plaintiff alleges he has filed liens against all defendants and defendants failed to respond to these liens such that defendants now owe plaintiff a substantial sum of money.

Plaintiff requests default judgment against the defendants of the damages under the lien in the sum of $7,214,570,000.00 (over seven billion dollars).

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).

## VALIDITY OF CLAIM OF LIEN AND PLAINTIFF'S ALLEGATIONS

There is no federal or state law that allows a citizen to file a lien against a public official because the citizen feels aggrieved. *See United States v. Barker*, 19 F.Supp.2d 1380, 1384 (S.D.Ga. 1998). Courts across the country have considered these types of cases for years and have held such "liens" filed by prisoners or disgruntled tax protesters against public officials to be null and void. *See United States v. Reeves*, 782 F.2d 1323, 1326 (5th Cir. 1985); *United States v. McKinley*, 53 F.3d 1170, 1172 (10th Cir. 1995); *Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985); *United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir. 1984)(per curiam); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983)(per curiam). In describing filings such as these, the Tenth Circuit has noted "to read these

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

documents ... is to recognize the fundamental frivolity of the legal tenets espoused therein. We are not familiar with a citizen-customer's authority to exact a consensual commercial lien from a public official, but it is a power that has no mooring in either federal or state law." *McKinley*, 53 F.3d at 1171-72. "Neither federal nor state law provides that a prisoner or other individual may file a lien on the property of a public official if the citizen believes that the official has not faithfully fulfilled his or her duties to the public." *Barker*, 19 F.Supp.2d at 1384.

The Fifth Circuit has determined that the First Amendment "protects an individual's right to petition his government for redress of grievances, but in order to invoke this constitutional protection [plaintiff] must establish that he had a 'reasonable basis' for taking legal action against [defendants]." *Reeves*, 782 F.2d at 1325. Since sham litigation does not involve a proper grievance, it does not come within the First Amendment. *Id.* (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983). "The filing of frivolous common law liens with the intention of securing improper benefits or advantages for one's self or others constitutes a prohibited corrupt endeavor." *Id.* at 1326.

Commercial liens must be filed for legitimate *commercial business reasons*, not in an effort to "remedy" criminal convictions through the harassment of officials and employees a plaintiff views responsible for that conviction. *See United States v. Falice*, No. 1:04CV878, 2006 WL 2488391 (M.D.N.C. Aug. 25, 2006). Courts have even found that confiscation of publications and legal materials to prevent inmates from filing these false liens against public officials is reasonable. *See Monroe v. Beard*, 536 F.3d 198, 207-09 (3rd Cir. 2008).

Plaintiff's pleadings are particularly problematic. Not only are his filings saturated with meaningless legal terms, it is clear plaintiff has failed to plead anything close to approaching an actionable claim. Both the terms used and the documents previously referenced are nonsensical and do not describe any sort of viable cause of action. In fact, the documents filed by plaintiff may

be associated with what is known as the sovereign citizen movement. *See Gravatt v. United States*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011) (describing some beliefs of the sovereign citizen movement and noting "[s]o-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."). Civil actions similar to plaintiff's have been dismissed as without merit and frivolous. *See e.g., Paul v. New York*, No. 13-CV-5047(SJF)(AKT), 2013 U.S. Dist. LEXIS 158431, 2013 WL 5973138 (E.D. N.Y. Nov. 5, 2013) (dismissing complaint as frivolous); *Santiago v. Century 21/PHH Mortgage*, No. 1:12-CV-02792-KOB, 2013 U.S. Dist. LEXIS 43273, 2013 WL 1281776 *1 n.3 (N.D. Ala. March 27, 2013) ("The court recognizes the use of 'affidavits' and other pseudo-legal documents that purport to require responses within a specified time or face 'legal consequences' of the author's own making. Such tactics do not create valid legal documents."); *Bryant v. Washington Mutual Bank*, No. 6:07cv00015, 524 F. Supp. 2d 753, 759 (W.D. Va. Dec. 19, 2007) (noting sovereign citizens' belief that the government holds money "in secret, individual trust accounts, one for each citizen"); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). Based on the foregoing, this case should be dismissed for failure to state a claim upon which relief may be granted and as frivolous.

## RECOMMENDATION FOR SANCTIONS

In addition to recommending dismissal, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that sanctions be imposed on the plaintiff. The filing of this lawsuit appears to be an attempt by plaintiff to demand a monetary

judgment based on fraudulently filed liens against state actors who were part of his criminal prosecution. Plaintiff argues these liens have now "matured" based on each defendants failure to respond to these fraudulent liens. The lawsuit is frivolous and constitutes harassment of these state officials and also wastes judicial resources.

The Court RECOMMENDS the following sanction be imposed on plaintiff:

> The Court is not imposing a monetary sanction at this time. However, with the exception of a Notice of Appeal which can be filed in this case, plaintiff must first seek the permission of a federal judicial officer before proceeding in any other civil lawsuit in any federal court. This includes any filings in the present case with the exception of a Notice of Appeal of a final judgment. If plaintiff fails to obtain permission from a judicial officer of this district before filing a new civil lawsuit or any additional filings (other than a Notice of Appeal) in the present lawsuit, these future submissions will be discarded without filing.
> The Clerk is instructed to discard without filing, any new submission in this cause unless it is a Notice of Appeal of a final judgment.
> **Plaintiff is WARNED that any further submission of malicious and frivolous documents in this or in any other cause will lead to a bar against all new filings and possible imposition of monetary sanctions.**

The sanction language above is the recommendation of the United States Magistrate Judge to the United States District Judge. Plaintiff may still object by filing a document entitled "Objections to the Report and Recommendation."

## CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge to the United States District Court that plaintiff's Motion for Default Judgment and Motion to Compel be DENIED. Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the "CLAIM OF LIEN" filed by plaintiff DAVID FRANKLIN WEST against all defendants be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND MALICIOUS. It is further

the RECOMMENDATION that SANCTIONS BE IMPOSED on this litigant for filing of a malicious lawsuit and malicious liens on public officials.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of April, 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©, or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin,* 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).